Attorney General Loving has asked me to respond to your opinion request regarding certain provisions of 74 O.S. 85.42 (1993). You have asked, in effect, the following questions:
 1. Section 74 O.S. 85.42(B) of Title 74 states, "This subsection shall not preclude faculty and staff of the institutions within the State System of Higher Education from negotiating and participating in research grants and education contracts." Does this provision also apply to 74 O.S. 85.42(A) ?
 2. If so, what are "educational contracts" and "research grants" for purposes of defining which contracts are excepted under paragraphs (A) and (B)?
Because this is a request which can be answered by interpretation of the statutory language, this office has determined your request should be answered through this informal letter. The discussion which follows is not an official opinion of the Attorney General. Rather, the following analysis and conclusions are solely those of the undersigned attorney.
Title 74 O.S. 85.42 (1993) reads, in pertinent part, as follows:
 "A. Except as otherwise provided for in this section, any agency, whether or not such agency is subject to the Oklahoma Central Purchasing Act, Section 74 O.S. 85.1 et seq. of this title, is prohibited from entering into a sole source contract or a contract for professional services with or for the services of any person, who has terminated his employment with or who has been terminated by that agency for one (1) year after the termination date of the employee from the agency. The provisions of this subsection shall not prohibit an agency from hiring or rehiring such person as a state employee.
 B. Each contract entered into by any person or firm with the State of Oklahoma shall include an affidavit certifying that no person who has been involved in any manner in the development of that contract while employed by the State of Oklahoma shall be employed to fulfill any of the services provided for under said contract. This subsection shall not preclude faculty and staff of the institutions within the State System of Higher Education from negotiating and participating in research grants and educational contracts. Nor shall this subsection apply to personnel of the Capital Resources Division of the Oklahoma Department of Commerce, who contract to provide services in the Oklahoma Capital Investment Board."
74 O.S. 85.1(A) was enacted in 1986 and prohibits all former State employees and officials from entering into sole source or professional services contracts with all State agencies for a period of one year. Subsection (B) was added in 1992, and creates an additional prohibition. When contracting with the State, the contractor must affirm that no one involved with the development of the contract while employed by the State shall be employed to fulfill any of the services under the contract. This makes it clear that even if the former employee is not the one making the contract and even if more than one year has passed since (s)he was employed by the State, the person cannot be hired to do any work under the contract if (s)he was involved in its development.
The one year limitation of paragraph (A) clearly applies unless an exception is provided elsewhere in Section 74 O.S. 85.42(d). Subsection (D) is one example of such an exception, allowing for a sole source contract or professional services contract at any time with a person who is a qualified interpreter for the deaf.
Subsection (A) also provides an exception to its provisions in the following language: "The provision of this subsection shall not prohibit an agency from hiring or rehiring such person as a state employee." (Emphasis added.) The exception, by its language, is applicable only to subsection (A).
A similar exception appears in subsection (B). It is the phrase about which you ask. By its own language, it applies only to subsection (B): "This subsection shall not preclude faculty and staff of the institutions within the State System of Higher Education from negotiating and participating in research grants and educational contracts." (Emphasis added.)
The exceptions in paragraphs (A) and (B) are clearly limited in application to the provisions of the subsections in which they are included. Each paragraph contains a distinct prohibition with its own exception. Subsection (A) states what it "shall not prohibit", subsection (B) what it "shall not preclude."
It is, therefore, my opinion that the provision in 74 O.S. 85.42(B) (1993) about which you ask does not apply to 74 O.S. 85.42(A) (1993). Because your first question is answered in the negative, your second question does not require a response.
(Gay Abston Tubor)